DOUCET, Judge.
Plaintiff, Standard Machine & Equipment Company, a foreign corporation au *556 thorized to and doing business in Calcasieu Parish, Louisiana, brought this suit against defendant Lake Charles Refining Company, a joint venture or unincorporated association of three Texas corporations, to recover money due under two separate contracts. Defendant answered, denying that it was indebted to plaintiff, and reconvened for damages allegedly resulting from plaintiff’s breach of the contracts. Prom a judgment of the district court in favor of plaintiff, granting its demands and dismissing defendant’s reconventional demand, defendant appeals. We affirm.
The contracts giving rise to this suit were in the form of written purchase orders, which were issued by defendant for the purpose of securing used parts to be used in building a petroleum refinery near Lake Charles, Louisiana. The first one, which was issued on May 17,1978, set out defendant’s agreement to purchase a specified quantity of used valves from plaintiff at a price of $.45 per pound, subject to defendant’s right to accept or reject them upon delivery.
Pursuant to the agreement, plaintiff delivered a trailer loaded with valves to defendant’s construction site, leaving it for defendant to select the valves that it needed. The trailer remained there a week, during which time defendant unloaded approximately 80 percent of the valves. Although the valves were unloaded and remained in defendant’s possession at the time of the trial, the purchase price was never paid.
Plaintiff brought this suit, seeking the recovery of $5,139.00, the value of 11,420 pounds of valves at the contract price of $.45 per pound. Defendant answered, denying that it had accepted the valves. It alleged that the valves had been unloaded without its authorization, and that upon inspection, they were found to be worthless. As part of its reconventional demand, defendant sought recovery of the costs of removing them from its plant.
At the trial, however, defendant changed its position. Its general contractor, D. J. Landry, Jr., testified that many of the valves were usable and that they had been incorporated into the construction. Defendant’s general manager, Joseph P. Chamberlain, on the other hand, denied that the valves had been used. However, he testified that they had been accepted at the reduced price of $.15 per pound.
Plaintiff’s witnesses denied that the price had been re-negotiated, and the trial judge resolved the conflict in plaintiff’s favor, finding that the valves had been accepted at the contract price of $.45 per pound. Our review of the record has not revealed that that finding is clearly wrong. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Accordingly, neither it nor the resulting award to plaintiff will be disturbed.
The second purchase order, which was issued on July 5, 1978, set out defendant’s agreement to purchase a used cooling tower from plaintiff for a price of $10,000.00. Both parties agreed, however, that the price was later reduced by oral agreement to $3,500.00 plus expenses incurred by plaintiff in dismantling the tower. Pursuant to the agreement, plaintiff delivered the tower’s interior pumps, fans, and other mechanisms to defendant’s construction site. However, the wooden framework of the tower was destroyed.
Plaintiff’s witnesses testified at the trial that Mr. Chamberlain had ordered the destruction of the framework. Mr. Chamberlain denied having given such an order, however, and defendant adopted the position that it was not liable for the expenses incurred in dismantling the tower, because the contract had been breached when the framework was destroyed. The trial judge resolved the conflict in the testimony in favor of plaintiff, finding that the destruction of the tower did not constitute a breach of the contract. The trial court is in a better position to evaluate the credibility of witnesses. Canter v. Koehring Company, supra. Bearing that fact in mind, we cannot say that that finding was clearly wrong.
*557 Because we affirm the trial judge’s holding that plaintiff did not breach the contracts, we also affirm his dismissal of defendant’s reconventional demand.
For these reasons, the judgment of the trial court is affirmed. All costs of this appeal are taxed to the defendant-appellant.

AFFIRMED.